**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID NICKLEBERRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **HARRIS CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff David Nickleberry files this Original Complaint against Defendant Harris Corporation, alleging violation of the Americans with Disabilities Act, the Family and Medical Leave Act, and the Employee Retirement Income Security Act. Plaintiff requests damages, interest, attorneys' fees, and costs for Defendants' unlawful acts.

### I.    PARTIES AND SERVICE

1.    Plaintiff David Nickleberry is a resident of Dallas County, Texas. At all times relevant, he was a resident of Dallas County, Texas.

2.    Defendant Harris Corporation ("Defendant" or "Harris") is a Delaware corporation authorized to do business in Texas, with its home office and principal place of business in Texas at 8105 N. Belt Line Road, Suite 170, Irving, Texas 75063. Results can be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332, and 1343. This matter involves controversies arising under the laws of the United States, including

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), specifically Section 510 of ERISA, 29 U.S.C. § 1140.  Further, there is diversity of citizenship between the parties and the matter in controversy exceeds the minimum jurisdictional limits of the Court.

4.      Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. § 1391(b) and (c), because Defendant regularly conduct business in this District and the events forming the basis of the suit occurred in this District.

5.      Plaintiff filed a Charge of Discrimination (the "Charge") with the Texas Workforce Commission (the "TWC"), which was dual-filed with the U.S. Equal Employment Opportunity Commission (the "EEOC"), on September 25, 2017, alleging disability discrimination.  On September 6, 2018, the EEOC issued its Notice of Right to Sue ("Right to Sue").  This action is being commenced within ninety (90) days of Plaintiff's receipt of the Right to Sue pursuant to 42 U.S.C. § 2000e-5(f)(1).

### III.    FACTUAL SUMMARY

6.      Plaintiff worked for Defendant from about April 22, 2013, to July 24, 2017, as a Federal Field Service Engineer.

7.      While Plaintiff was employed by Defendant, it was engaged in interstate commerce by selling goods and services to customers throughout the United States, including communications equipment used by law enforcement agencies, fire and rescue agencies, and to the federal government.  On information and belief, Defendant employed more than 50 employees within 75 miles of its Irving, Texas location while Plaintiff was employed by Defendant.

8.      When Plaintiff was hired by Defendant, it knew that Plaintiff was a disabled veteran and that he had work restrictions based on his disability, including a restriction based on no prolonged standing or walking.  Plaintiff's disability was related to a degenerative disc in his back diagnosed in or around 2006.

9.      On or about November 28 2016, Plaintiff began experiencing extreme back pain, forcing him to visit the emergency room.  He was prescribed mediation for back spasms related to his degenerative disc.  Plaintiff reported to his boss, Ernest Carter, his medical condition and requested an accommodation to work remotely and attend to clients by phone instead of traveling when his back pain and/or his taking medication prevented him from driving.  Carter approved this accommodation.

10.     Around the first week of December 2016, Carter instructed Plaintiff to take two weeks off from work due to his medical condition in order to fully recover.  When Plaintiff inquired with Human Resources about using accrued paid time off, he was instructed to submit paperwork to Metlife, Defendant's leave and disability insurance administrator, to request the time off.  Plaintiff was not given any paperwork to use and  Human Resources did not respond to his requests for the paperwork.  Plaintiff therefore contacted Metlife directly to request medical leave, and he submitted an online form.

11.     On or around the second week of December 2016, before Plaintiff had received notification of approval of his medical leave, while Plaintiff was in a meeting with a client, he discovered that he has been locked out of his work phone and his computer access.  Plaintiff contacted Carter, who informed him that Carter had been notified that same day by Carter's supervisor that Plaintiff had been placed on short-term disability.

12.     Over the next several months, Plaintiff attempted to contact Human Resources to be allowed to report back for duty with the accommodations approved by Carter, but his inquiries were ignored.

13.     In or around April 2017, Plaintiff informed Defendant that he would be having surgery in May 2017 that would alleviate the back pain he was experiencing, which would allow him to return to work with same restrictions he had prior to November 2016.  No response was received by Defendant.

14.     After Plaintiff had surgery in May 2017, his requests to return to work were again ignored by Defendant.

15.     On or about July 19, 2017, Plaintiff received a letter from Defendant dated June 26, 2017, which stated that Plaintiff's 26 weeks of short-term disability expired on June 9, 2017, and that Defendant must be provided with a doctor's note allowing his return to work by July 7, 2017.

16.     Shortly after Plaintiff received the letter dated June 26, 2017, he was able to contact an employee at Human Resources, who instructed him to proceed with obtaining a doctor's note lifting the driving restriction despite it being past the July 7, 2017 deadline.

17.     On or about July 25, 2017, upon returning home from the doctor's appointment to obtain the note allowing his return to work, Plaintiff received a letter from Defendant dated July 24, 2017 informing him of his termination from employment.

18.     In or around September 2017, Plaintiff received a letter from Defendant informing him that his termination from employment was effective on June 9, 2017.

19.     Defendant's stated reason for terminating Plaintiff was mere pretext for terminating him for unlawful reasons.

### IV.    CAUSES OF ACTION

**COUNT ONE:        DISCRIMINATION IN VIOLATION OF THE ADA**

20.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

21.    Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADA.

22.    At all times relevant, Defendant was an "employer" and Plaintiff was an "employee," as those terms are defined by the ADA.

23.    Plaintiff's discharge was motivated by his disabilities in violation of the ADA, including by failing to reasonably accommodate Plaintiff's disabilities and/or being regarded as disabled such that Defendant claimed Plaintiff was unable to perform the essential funcitons of his job with or without a reasonable accommodation.

24.    Plaintiff's discharge was malicious or with reckless indifference to his protected rights.

25.    As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

26.    Plaintiff's damages include lost wages, past and future pain and suffering, past and future mental anguish, inconvenience, and loss of enjoyment of life.

27.    Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs of court.

**COUNT TWO:        VIOLATION OF THE FMLA**

28.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

29.    At all times relevant, Defendant was an "employer" of Plaintiff as defined by the FMLA.

30.     When Plaintiff worked for Defendant, he was an "eligible employee" as defined by the FMLA because Plaintiff was employed by Defendant for over twelve months and Defendant employed fifty or more employees at or within seventy-five miles of its office in Irving, Texas, where Plaintiff worked and from which Plaintiff's work was assigned and to which he reported.

31.     Following his back injury in November 2016, Plaintiff requested leave protected by the FMLA, including leave on an intermittent basis.

32.     Additionally, in or around the second week of December 2016, Defendant placed Plaintiff on leave protected by the FMLA.

33.     After being granted leave due to his serious medical condition, Plaintiff was denied the opportunity to return to work.

34.     Defendants' actions were in order to interfere with, restrain, or deny the exercise or the attempt to exercise Plaintiff's rights under the FMLA, and/or to discharge or discriminate against Plaintiff for opposing Defendant's refusal to allow him to return to work.

35.     As a direct and proximate consequence of Defendants' violation, Plaintiff has suffered damages.

36.     Plaintiff's damages include lost wages, salary, employment benefits, and other compensation.

37.     Plaintiff seeks damages, liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), pre- and post-judgment interest, such equitable relief as may be appropriate, attorneys' fees, expert witness fees, if any, and costs of court.

**COUNT THREE:    VIOLATION OF SECTION 510 OF ERISA**

38.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

39.     In refusing to allow Plaintiff to return to work and in terminating Plaintiff's employment, Defendant violated Section 510 of ERISA, 29 U.S.C. § 1140, which provides that it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan [or] this subchapter . . . , or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] this subchapter . . . ."

40.     Plaintiff is accordingly entitled to be reinstated to his employment with Defendant and to recover from Defendant the amount of his back pay, interest on back pay, front pay, attorney's fees, prejudgment interest, and costs of court.

## V.     JURY DEMAND

41.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI.     PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Issue summons for Defendant to appear and answer;

B.     Award to Plaintiff a judgment against Defendant for:

    1.     Actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

    2.     Compensatory damages, statutory liquidated damages, and equitable damages in the maximum amount allowed by law;

    3.     Such other equitable relief as may be appropriate;

    4.     Pre- and post-judgment interest;

5.    Attorneys' fees

6.    Expert witness fees, if any; and

7.    Costs.

Plaintiff also requests that the Court award all other relief to which Plaintiff is entitled in equity and at law.

Respectfully Submitted,

*/s/ James E. Hunnicutt*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@spencerscottlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@spencerscottlaw.com
M. Neal Bridges
State Bar No.
nbridges@spencerscottlaw.com
Spencer Scott pllc
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
DAVID NICKLEBERRY**